The judgment of the court was pronounced by
Eustis, C. J.
The appellant, John Pemberton, purchased at sheriff’s sale a Jot of ground for the sum of five hundred dollars, which he paid to the sheriff. The sale was made under an execution issued on a judgment rendered in favor of Samuel C. Young v. Municipality Number One. This judgment was recorded in the office of the recorder of mortgages, and of course operated as a general mortgage on the real property of the municipality. There were recorded prior to the recording of Young's judgment four other judgments. Two of them, it seems, have been paid and two others, one in favor of Cronan and the other in favor of the Carrollton Bank, remain unsatisfied.
The appellant took a rule on the judgment creditors to show cause why the proceeds of the property sold under execution should not be brought into court and distributed among them according to their rank, and the general mortgages on the property sold be release^; or, if the same should not be decreed, to show cause why the plaintiff should not furnish security to protect the purchaser from disturbance by reason of the said general mortgage. To this rule the two judgment creditors answered. The objections made by them are somewhat different, though involved in the same principles. The district judge, after argument, discharged the rule and ordered the money to be paid over to Young, the seizing creditor, and Pemberton has appealed.
Was the sale valid, or did it fail by reason of the price not having exceeded the total amount of the general mortgages ? We think an answer to this objection is found in the articles 301, 403 and 710 of the Code of Practice, which provide for the very case of property sold under execution, on which general mortgages are supposed to remain, the payment of the price by the purchaser notwithstanding.
The article 684 of the Code of Practice, relied upon by the counsel of the mortgage creditor, as prohibiting a sale of property under execution, if the price offered does not exceed the amount of the privileges and mortgages with which it is encumbered, evidently refers to special and not to general mortgages. The cases in which adjudications have been held to be invalid for that cause were both cases of special mortgage. Fernandez v. Bein, 1st Ann. 32. Trudeau v. McVicar, Ib. 426. See also Loucks v. The Union Bank, 2d Ann. 619. We think sales under execution have always been made since the adoption of the Code of Practice, even under this view of the article 684, and we have not known any case in which its correctness has been questioned. There is no subject about which there has been so much litigation, or more searching scrutiny exercised as that of the forms and requisites of sheriff’s sale, and we consider the district court did not err in holding the sale to be valid.
*737 The sale being, then, valid, to whom was the price to be paid ? Cronan, who is the first judgment creditor, insists, if the sale be maintained, that the proceeds of the property sold must be paid to him, by virtue of his prior right of mortgage. Our impression is, that the law is clear as to the rights of a general mortgage creditor in a ease of this kind. If Cronan wants to make his money, why has he not taken his execution and seized the property of his debtor 1 And What justice is there in permitting him to lay by and defeat a creditor who is pursuing his legal remedy for the payment of his debt. The law does not postpone Cronans prior right to that of the seizing creditor, Young, but will not allow him to defeat the plaintiff’s right. It is proved, that there is ample property of the municipality to pay both their debts. Cronan can take execution for his debt, but he cannot be permitted to take from Young the money made under his execution. C. P. 403.
In giving the price of the property sold to the seizing creditor rather than to the mortgage creditor, we do not consider that we are giving any preference, in a legal sense, to the former. The seizing creditor secui'es the benefit of his legal pursuit on the ground of the non-action of the creditors- by general mortgage, and that there is sufficient property to satisfy their debts whenever they choose to enforce payment, and they suffer no injury by the payment to the seizing creditor.
We think the district judge did not err in refusing to order the judicial mortgages to be released, the ease not being one in Which the power is conferred. Their remaining on the property is certainly an inconvenience to the purchaser, who has paid his money and ought to be entitled to a clear title. But, under the provisions of the Code of Practice, we do not understand- that any provision is made for removing the incumbrance. From the amount of property of the defendant liable to execution, We think the purchaser will be protected from, disturbance, which we cannot say that he has just reason to apprehend. We do not feel ourselves justified in changing the judgment of the district court, in exacting security from the seizing creditor under the affiele 7Í0 of the Code of Practice.
The judgment of the district court is therefore affirmed, with costs.